**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RYAN W. ANTALEK,**

    **Petitioner,**

    v.                                                                                    **CASE NO. 25-3114-JWL**

**STATE OF KANSAS,**

    **Respondent.**

**MEMORANDUM AND ORDER**
**TO SHOW CAUSE**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a pretrial detainee at the Sedgwick County Jail in Wichita, Kansas, proceeds pro se. The Court has screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and directs Petitioner to show good cause, in writing, why this matter should not be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886).

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas Corpus Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4.

In his Petition under § 2241, Petitioner alleges due process violations, a speedy trial violation, an equal protection violation, and violation of his right to petition the government in his state court criminal proceedings. (Doc. 1, at 6-7.) Petitioner references Sedgwick County Case No. 2024-CR-001197. He asks the Court to dismiss the state charges against him with prejudice.

(Doc. 1, at 7.)

The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. *Ex Parte Royall*, 117 U.S. 241 (1886). In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act done as required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *Id.* at 251–52. Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971) (citation omitted). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

If the three circumstances are present, federal abstention is mandatory, unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009)

(quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)).  Two varieties of "extraordinary circumstances" exist:  "(1) where the plaintiff makes a showing of bad faith or harassment by state officials responsible for the prosecution or enforcement action and (2) where the state law or regulation to be applied is flagrantly and patently violative of express constitutional prohibitions." *Id*. at n.4 (citations and internal quotations omitted).  However, a petitioner has a "heavy burden" to overcome *Younger* abstention by setting forth "more than mere allegations of bad faith or harassment." *Amanatullah*, 187 F.3d at 1165 (citation omitted).

Although "*Younger* and *Ex Parte Royall* are related doctrines" the Tenth Circuit has stated that *Younger* "addressed a federal court's equitable power to issue an injunction enjoining state proceedings" while *Ex Parte Royall* "involved a request for habeas relief." *Kirk v. Oklahoma*, 2021 WL 5111985, at *2 (10th Cir. Nov. 3, 2021) (unpublished).  In finding that *Ex Parte Royall* provided "more specific authority for the dismissal," the Tenth Circuit held that:

> In *Ex Parte Royall*, the Supreme Court held that federal courts have habeas corpus jurisdiction to discharge a state-court pretrial detainee from custody on the basis that his detention violates the constitution. But the Court further concluded that a federal court should not exercise its discretion to exert that power except in very limited circumstances and should instead allow the state court to pass upon constitutional questions in the first instance. Acknowledging exceptions to this rule, the Court pointed to 'cases of urgency[ ] involving the authority and operations of the [federal] government [or] the obligations of this country or its relations with foreign nations.' The Supreme Court has also sanctioned federal habeas relief in a pretrial case where, rather than seeking to litigate a federal defense to a criminal charge, the habeas applicant sought to compel the state to bring him to trial. '[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.' *Id.*

*Kirk*, 2021 WL 5111985, at *2 (internal citations omitted).  The Tenth Circuit concluded that the district court did not err by abstaining from interfering in petitioner's state-court criminal

3

proceedings because "[h]is is not a 'case[ ] of urgency' involving the imposition of state custody for commission of an act done in pursuance of federal law or under the authority of a foreign state . . . [n]or is he seeking to compel the state to bring him to trial." *Id.*

Similarly, Petitioner's case is not within the narrow category of cases for which *Ex Parte Royall* contemplates federal-court intervention in state-court criminal proceedings by way of a writ of habeas corpus. He does not allege that the state is detaining him for committing an act done in pursuance of federal law or under the authority of a foreign government, nor does he seek to compel the State of Kansas to bring him to trial. Rather, Petitioner asks this Court to dismiss his state criminal charges. (Doc. 1, at 7.)

The instant Petition does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court intervention. Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal case in the District Court of Sedgwick County, Kansas. The criminal case against Petitioner is ongoing; the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws; and the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings.

"To establish extraordinary or special circumstances and overcome abstention, [a petitioner] must be facing an irreparable injury that is both great and immediate." *Hodson v. Reams*, 2017 WL 6550694, at *3 (D. Colo. June 20, 2017), *denying cert. of appealability* 729 F. App'x 661 (10th Cir. 2018) (citing *Younger*, 401 U.S. at 46). "The exceptions to *Younger* provide only for a 'very narrow gate for federal intervention.'" *Id.* (citing *Phelps v. Hamilton*, 59 F.3d 1058, 1064 (10th Cir. 1997)). A petitioner "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of

obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Id*. (citations omitted). Petitioner has failed to assert a basis for finding extraordinary or special circumstances.

Thus, it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in the District Court of Sedgwick County, Kansas. Petitioner is therefore directed to show good cause, in writing to the undersigned, why this matter should not be summarily dismissed without prejudice under *Ex Parte Royall* and *Younger*. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

In addition, a state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b)(1); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."); *Madden v. Cleveland Cty.*, 671 F. App'x 725, 726 (10th Cir. 2016) (unpublished) ("And insofar as Plaintiff seeks habeas relief under 28 U.S.C. § 2241 from his prosecution, he is barred for failure to first exhaust available state remedies.") (citing *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief.")); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). The burden of proving exhaustion rests with the prisoner. *Madden*, 671 F. App'x at 726 (citing *Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993)).

The United States Supreme Court has long held that before a state prisoner may pursue

federal habeas relief on the grounds that his or her federal constitutional rights have been violated, "the federal claim must be fairly presented to the state courts." *See Picard v. Connor*, 404 U.S. 270, 275 (1971). This requirement "reflects a policy of federal-state comity" and is "'an accommodation of our federal system designed to give the State an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Id.* (citations omitted). In other words, the State must have the first chance to remedy violations of the rights guaranteed to state prisoners who are sentenced for violations of state law, even when the rights in question are guaranteed by the United States Constitution. *See id.* at 275-76.

It appears that Petitioner has not exhausted his state court remedies. Therefore, the Petition is also subject to dismissal for failure to exhaust.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner is granted until **July 28, 2025,** in which to show good cause, in writing to the undersigned, why the Petition should not be dismissed without prejudice for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated June 27, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE